## GOETZ v. MICHAEL TAUBER & CO.

### In re KROEGER BROS.

(Circuit Court of Appeals, Seventh Circuit. April 19, 1922.)

No. 3019.

Fraudulent conveyances ⊜⟶47—Consignment of goods, consignee to sell and return proceeds, less advancement and commission, not a "sale," within Bulk Sales Act.

Where a firm, pursuant to an agreement, consigned a large part of its merchandise to consignee, and the latter made an advancement, secured by a lien on the merchandise, sold the merchandise at auction, and returned the proceeds, less the advancement and 15 per cent. commission, there was no violation of the Wisconsin Bulk Sales Act (St. 1921, § 2317c), where, although it appeared that the auction sale was not according to consignor's usual course of business, it did not appear that the auction was in bulk, for the consignment did not violate the act, as there was no sale until consignee disposed of the goods at auction as agent of consignor.

[Ed. Note.—For other definitions, see Words and Phrases; First and Second Series, Sale.]

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Action by Julius J. Goetz, trustee in bankruptcy of Kroeger Bros., bankrupts, against Michael Tauber & Co. Judgment for defendants, and plaintiff brings error. Affirmed.

See, also, 262 Fed. 463; 276 Fed. 8.

Irving A. Fish, of Milwaukee, Wis., for plaintiff in error.

George H. Peaks, of Chicago, Ill., for defendants in error.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

ALSCHULER, Circuit Judge. The action is brought under the Wisconsin Bulk Sales Act, so much of it as is here material being:

"Sec. 2317c. The sale, transfer, or assignment, in bulk, otherwise than in the ordinary course of trade, and in the regular prosecution of the business of the seller, transferor or assignor, of any part, or the whole, of any stock of goods, wares and merchandise ° ° ° shall be conclusively presumed to be fraudulent and void as against the then existing creditors of the seller, transferor, or assignor, unless," etc.

The declaration sets up a contract between the Kroegers, the bankrupts, and defendant in error Tauber, pursuant to the terms of which there was effected an alleged sale, transfer, or assignment in bulk of the goods in question by the Kroegers to Tauber, charged to be in contravention of the act. The contract to which the declaration refers bears date July 23, 1918, and recites the Kroegers' solvency, their possession of merchandise in four Milwaukee stores, in excess of business requirements, and a desire to reduce the merchandise and realize cash to meet pressing indebtedness, and, in order to avoid competition with the business there, that the surplus of merchandise be disposed of elsewhere than in Milwaukee, and the intent to employ Tauber of Chicago for that purpose. It was stipulated in the contract that the Kroegers

⊜⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

deliver such surplus merchandise to Tauber at Chicago, who within 30 days from the date of the contract was to hold and conclude at Chicago public auction sale of the goods, and within 10 days after conclusion of the auction sale to make full and complete accounting to the Kroegers for the sale, and pay over to them the proceeds thereof, first deducting Tauber's agreed charge of 15 per cent. of the proceeds to cover commission and expense, and an advance by Tauber to the Kroegers of $22,000, agreed by the contract to be made, and for which Tauber was to have a first lien on the merchandise. It was agreed that the Kroegers' name was not to be used in connection with the advertising and conduct of the sale.

The declaration alleges that pursuant to the contract Tauber received the goods at Chicago shortly after the date of the contract, and disposed of them at public auction, and paid over to the Kroegers the realized balance of $11,080.04, having on the date of the contract and in accordance with its terms paid the Kroegers the $22,000. It is alleged that on October 27, 1918, involuntary petition in bankruptcy was filed against the Kroegers, resulting in an adjudication of bankruptcy, and appointment of a trustee, who brings the suit to recover from Tauber the value of the goods. Demurrer to the declaration was sustained, and judgment for defendant in error thereupon given.

If the sale is not made in bulk, the Bulk Sales Act does not limit the owner as to manner or place of disposition. He may sell at auction or otherwise, either at the customary place of business or elsewhere, and may himself sell or through the agency of others. The declaration does not charge that the auction sale was in bulk, and the only question is whether, as between the bankrupts and Tauber, turning over the goods to Tauber pursuant to the terms of this contract constituted a sale, transfer, or assignment of the goods in contravention of the Bulk Sales Act. The feature relied upon to make applicable the Bulk Sales Act is the advance made by Tauber, giving him for his repayment a first lien on the goods that were turned over. By this transaction it is claimed that in Wisconsin the legal title passed to Tauber, and that this conclusively establishes the applicability of the Bulk Sales Act.

We do not agree with this view of the contract and the transaction here in issue. Consignment of merchandise to be sold by the consignee for the consignor has long been a most usual commercial transaction, and the making by a consignee of advances upon the merchandise consigned, to be paid out of the proceeds of the sale when made, is likewise common and usual. In such transactions the consignee, as a broker or factor, conveys the goods to the buyer by virtue of the authority which the seller has given him. The seller could at any time countermand the right to sell, and reclaim his goods, first paying to the broker or factor whatever of advances or other charges he is entitled to receive from the consignor. We do not find anything in this Bulk Sales Act, or the decisions of the Wisconsin courts thereon, which would lead us to conclude that a transaction of this sort was one which this Bulk Sales Act was designed to affect. It is our view that the real conveyance or transfer of these goods was not in sending

of them to Tauber under the circumstances set forth in the declaration. By the terms of the contract Tauber was to receive the goods and dispose of them for and upon account of the Kroegers, and was under definite obligation to make strict account and return. The real sale was in the disposition of them by Tauber as the agent of the Kroegers under the contract. Although the selling of these goods at auction was not in accordance with the Kroegers' usual course of business, it not appearing that the auction sale was in bulk, in our judgment this Bulk Sales Act does not have application.

We think the District Court rightly sustained the demurrer to the declaration, and its judgment is affirmed.